MaNrv, J.
We concur in the judgment pronounced by his Honor, Judge Heath, in this case, and for the reasons 'stated by him.
With respect to the. facts there is no controversy.” The petitioner is a soldier in the army of the Confederate States. About the first of November charges w,ere preferred against him from some source, entitled, as we presume, to credit, as they invoked the action of his superior o&cers ; and he was put under arrest and sent, fur safe keeping, to the military prison in Salisbury, where, soon after his arrival, viz: on the 26th of November, he sued .out a writ of habeas corpus. "
We are at a loss to conceive any ground upon which the application can be based, even with plausibility. A soldier, bound to service in the army, when once enrolled and assigned his post of. duty, is in military custody, and no longer at. liberty to_ ge about at will. His greatest freedom from restraint, allows him only to move about within certain limits in the camp. For misconduct he may be put under arrest, and confined to narrower limits, or condemned to close confinement. And, I take it, in any of these positions, he is equally out of the reach of enlargement through civil tribunals, until at least, his term of enlistment expires.
It would indeed be a prolific source of jurisdiction for our Judges, if they could, or are bound to, carry the writ *133 cf habeas corpus into the camp, the guard house, and the military prison, and inquire into the legality of the re- • gtraints there enforced. > i
Such an interference with the discipline of the army, if practicable, would utterly disorganize it. •
Legitimate inquiry in such cases goes only to the es> tent of ascertaining whether the prisoner is rightfully in the army. If so, the civil tribunals leave him to the military, to be dealt with according to their rules and,regulations. All the cases which have been before our judiciary, have had for their object, simply to inquire whether the petitioners were rightfully claimed as soldiers. We have no precedent, therefore, for' proceeding with any such object as the one before us.
Supposing the petitioner to have ground for questioning the right to detain him as a soldier,, he 'cannot be heard to do so now. Having waived his right until he is under arrest for offense, he cannot escape consequences by showing on a writ of habeas^ corpus y th^t he was not bound to 'he there. This is laid down in Graham's case reported in the Appendix to 8 Jones.
But our case is of a soldier admitted to bo in the service, and, therefore, with no clSirn to get out of it, or be released from it. He has fallen under censure ; lie has been' imprisoned subject to charges ; and from this he desires to he relieved. How ? ánd .to what end? We cannot set him,at large, we cannot hasten the action off the military tribunals, and it would bo an unheard of novelty to order him from the guard house to some position in the ranks of the army. Such a power involves again a troublesome and mischievous jurisdiction.
Arrests in* the army arc made, as we suppose, hy orders from headquarters, verbal or written. There is no affi *134 davit and no warrant, other-than the order. The person is detained in such way as may be necessary to keep him safely, until a court martial can be organized for trying him. He may be removed from one place to another, at the will of the military authority; and all this, we are bound to suppose; is in accordance with army, regulations. We have no power to interfere for any purpose that we are'aware of.
We affirm the judgment. of the Court below, and order the petitioner to be and remain in custody as before. Petitioner is also ordered to pay the costs.